UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CRAIG WOODS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-11-484 |
| | § | |
| BUD'S BOAT RENTAL, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

### I. INTRODUCTION

Pending before the Court is the defendant, Bud's Boat Rental, LLC's, motion to transfer venue. (Doc. No. 13). The plaintiff, Craig Woods, filed his response (Doc. No. 18), and the defendant filed a reply (Doc. No. 19). After a careful review of the facts underlying the plaintiff's case, a review of the motion, response, reply and applicable law, the Court determines that the defendant's motion to transfer venue should be granted.

### II. RELEVANT FACTS AND CONTENTIONS

-A-

The plaintiff allegedly sustained an injury on or about October 24, 2010, while aboard the *M/V Capt. Jim Rhodes*, a vessel operated by the defendant on the occasion. The plaintiff alleges that he was injured while in route to work when "the *M/V Capt. Jim Rhodes* slammed into a boat landing, causing [him] to be thrown about and land on his back." As a result, the plaintiff contends that he suffered bodily injuries. The plaintiff filed suit asserting claims under general maritime law and, although a resident of the state of Louisiana, brought suit in the state of Texas. He is also receiving medical care from an orthopedic surgeon who, as well, is a resident of Texas.

Regarding the defendant's motion for a change of venue, the plaintiff asserts that the defendant has not challenged personal jurisdiction in the Southern District of Texas and has, otherwise, failed to carry its burden of proving that a trial in Louisiana would be more convenient. According to the plaintiff, several fact witnesses, the plaintiff's employer and the plaintiff's treating physician, are based in Texas. Therefore, the plaintiff asserts, the motion should be denied.

-B-

In its motion to transfer, the defendant points to the occasion and location of the plaintiff's alleged injury. The defendant asserts, without opposition, that the alleged collision occurred in Louisiana state waters and that Louisiana is the state where the defendant business is located, near New Orleans, Louisiana. The plaintiff agrees that the defendant is a resident of the state of Louisiana. Moreover, argues the defendant, "the majority if not all of the books, records and the vessel are located in Louisiana." Equally, the defendant argues, all of the parties and third-parties are located in Louisiana. Finally, the defendant, in its reply, points out that: (a) the Eastern District of Louisiana, without dispute, is an appropriate venue; (b) the plaintiff's first examining physician practices medicine in Houma, Louisiana; (c) except for his orthopedic surgeon, most, if not all, of the plaintiff's past physicians likely reside in southeastern Louisiana; and (d) the plaintiff's home is less than an hour from the courthouse in the Eastern District of Louisiana.

III. ANALYSIS AND DISCUSSION

The Court is of the opinion that the defendant's motion to transfer should be granted. In his response to the defendant's motion, the plaintiff suggests that relevant fact witnesses reside in Texas. Perhaps, even family members are residents of Texas. Yet, the plaintiff did not affirm

that either fact witnesses or family are Texas residents. Hence, the Court concludes that apart from his attorney and treating physician, there are no witnesses in Texas that have facts relevant to the plaintiff's case. Nevertheless, the plaintiff points out that his employer, Texas Petroleum Investment Co., is a Houston, Texas based employer. However, the plaintiff does not reveal the relevance of this fact since his employer is not a party to this suit. And, there are no pleadings suggesting that the plaintiff's employer played or will play any role in this suit. Therefore, the sole nexus of this suit to Texas is the plaintiff's attorneys and orthopedic surgeon.

Nevertheless, it is the defendant's burden to establish that good cause exists for the transfer of a case based on venue. *See In re Volkswagen of Am., Inc., (Volkswagen II)*, 545 F.3d 304, 314-15 (5th Cir. 2008) (*en banc*). Having resolved the question of whether the suit could have been brought in the transferee district, the Court next examines the convenience factors. The private interest factors require the Court to consider: (a) the relative ease of access to sources of proof; (b) the availability of compulsory process to secure non-party witnesses; (c) the cost of attendance for willing witnesses; and (d) the practical problems that make the trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315. The public interest factors include: (a) the administrative difficulties flowing from court congestion; (b) the local interest in having the controversy decided at home; (c) the familiarity of the forum with the law that will govern the case; and (d) avoidance of unnecessary problems of conflict of laws in the application of foreign law. *Id.* at 315.

A review of the private factors reveal that all factors point to the transferee district as the most convenient. The facts show that the plaintiff's residence is more than three hours from the Galveston Division courthouse; the plaintiff's and defendant's witnesses, save the plaintiff's orthopedic surgeon, are beyond the reach of the Court's compulsory process authority; hotel

3

accommodations would be required for the plaintiff and his witnesses were the case to remain in Texas; and Galveston is currently without a resident judge who might give the plaintiff's case the attention it deserves. A trial in Galveston would be neither expeditious nor inexpensive for the parties and court personnel. The public interest factors also support transfer of the case. The Galveston Division has as many, if not more, pending cases on its docket than the average docket in the Eastern District of Louisiana. Moreover, Louisiana has a greater interest in the resolution of its citizens' cases than Texas.

It is true that a plaintiff has an interest in his chosen forum. However, that interest is due less deference where he is not a resident of his chosen forum and the operative facts in the underlying case occurred in the transferee forum. *See Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997). And, the fact that the plaintiff is being treated in Houston, Texas, yet another forum, does not weight in factor of the chosen forum since physicians seldom personally appear at trial. This fact is particularly distressing because it appears that part of the plaintiff's medical treatment for his alleged injury was received in Louisiana, near his home.

In light of the foregoing discussion and analysis, the Court determines that all factors weigh in favor of the transferee forum. Therefore, the Court GRANTS the defendant's motion to transfer and directs this case be TRANSFERRED to the Eastern District of Louisiana, the New Orleans Division.

It is so ORDERED.

SIGNED at Houston, Texas this 5th day of March, 2012.

_____
Kenneth M. Hoyt
United States District Judge